JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-1003 PA (JCx) | Date | February 12, 2013 |
|---|---|---|---|
| Title | Michelle Benson, et al. v. Organon USA, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

     Before the Court is a Notice of Removal filed on February 11, 2013 by defendants Organon USA, Inc., Organon Pharmaceuticals USA Inc., LLC (formerly known as Organon Pharmaceuticals USA Inc.), Organon International, Inc., and Merck & Co., Inc. (formerly known as Schering-Plough Corporation) (collectively "Removing Defendants"). Removing Defendants assert that this Court has jurisdiction over the action brought against it by plaintiff Michelle Shanaya Benson and 31 other plaintiffs (collectively "Plaintiffs") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

     Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

     In attempting to invoke this Court's diversity jurisdiction, Removing Defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The citizenship of an LLC is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299 F.3d 643, 652 (7th Cir. 2002) ("the relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company"); Handelsman v. Bedford Village Assocs., Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000) ("a limited liability company has the citizenship of its membership"); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); TPS Utilicom Servs., Inc. v. AT & T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction"). To

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-1003 PA (JCx) | Date | February 12, 2013 |
|---|---|---|---|
| Title | Michelle Benson, et al. v. Organon USA, Inc., et al. | | |

establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

      The Notice of Removal alleges that defendant Organon Pharmaceuticals USA Inc., LLC "is, and was at the time Plaintiffs commenced this action, a corporation organized under the laws of the State of Delaware with its principal place of business in New Jersey, and, therefore is a citizen of Delaware and New Jersey for purposes of determining diversity." (Notice of Removal 7:25 to 8:2.) Removing Defendants have not alleged the citizenship of each of the members of Organon Pharmaceuticals USA Inc., LLC. Instead, Removing Defendants have alleged the citizenship of the limited liability company defendant as if it were a corporation. As a result, Removing Defendants' allegations concerning the citizenship of Organon Pharmaceuticals USA Inc., LLC are insufficient to invoke this Court's diversity jurisdiction.[1]

      For all of the foregoing reasons, Removing Defendants have failed to meet their burden to demonstrate the Court's diversity jurisdiction. Accordingly, the Court remands this action to Los Angeles Superior Court, Case No. BC500402. See 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.

---

[1] This is not the only substantive defect in the Notice of Removal, but because it is a sufficient basis for concluding that Removing Defendants have not met their burden to establish the Court's diversity jurisdiction, the Court will not address the other ways in which the Notice of Removals has failed to establish this Court's subject matter jurisdiction.